ALBERTO H. BIASCOECHEA, Appellant, *v.* THE REGISTRAR OF PROPERTY OF RÍO PIEDRAS, Respondent.

No. 1304. Submitted February 1, 1954.—Decided March 19, 1954.

*Miguel Marcos Contreras* for appellant. The Registrar appeared

by brief. *Rafael R. Fuentes* and *A. Sandín del Manzano* for the Planning Board the latter as *amicus curiae.*

Mr. Justice Marrero delivered the opinion of the Court.

Alberto H. Biascoechea and his wife constituted a mortgage for $20,000 in a public deed executed in San Juan on July 16, 1953, to secure a bearer's note on demand, with interest at the rate of 7 per cent per annum, or an undivided condominium of 20,000 square meters, within a parcel owned by him of twenty two and seventy two hundredths cuerdas, located at Barrio Cangrejos Arriba of the municipality of Carolina. The following is stated in clause 13 of the deed:

"The mortgagor, [1] states that the undivided condominium of 20,000 square meters included in the aforesaid property, has no fixed location thereon, so that in the event of foreclosure, the purchaser at the sale, shall only acquire an indeterminate interest equivalent to 20,000 square meters in the aforedescribed property; however the 'Mortgagor' binds himself in such case to obtain the corresponding permit from the Planning Board to segregate said condominium if the purchaser at the auction sale should not wish to remain as co-owner, said purchaser having a preferred right to choose the place of location of the 20,000 square meters as long as it is in an adjacent portion of land."

When this deed was presented at the Registry of Property of Río Piedras registration was denied by virtue of the note which we now copy:

"Record of this document is hereby denied because pursuant to Act No. 213 of May 12, 1942 as amended by § 2 of Act No. 388 of May 11, 1950, the delimitation of a condominium of 20,000 square meters, on which a mortgage is constituted, as a part of the property of 22.72 cuerdas, constitutes a subdivision for which the corresponding permit from the Planning Board of Puerto Rico has not been obtained, and a cautionary notice is entered instead for the legal term provided by law in favor of the holder of the aforesaid mortgage note at folio . . . of Carolina. . . ."

---

[1] In the eleventh clause of the deed it is set forth that Alberto Biascoechea and Concepción Morales are the "mortgagors."

Alberto H. Biascoechea appealed from the latter note to this Court, pursuant to the provisions of the Act of March 1, 1902, p. 312. His sole contention is that "the respondent Registrar erred in deciding that pursuant to the afore-cited Act No. 213 the execution of a mortgage on the condominium of 20,000 square meters and its delimitation as part of the property of 22.72 cuerdas constitutes a subdivision . . ."

■■ Pursuant to § 2 of Act No. 213 of May 12, 1942 (Sess. Laws, p. 1106), as amended by Act No. 388 of May 11, 1950, Sess. Laws, p. 906:

" 'Subdivision', means the division or subdivision of a lot, tract, or parcel of land into two or more parts for sale, transfer, cession, lease, donation, usufruct, use, census, trust, as well as for any other transaction, or for a new building; and includes also, housing development as heretofore used in Puerto Rico legislation; and also a simple segregation." (Italics ours.)

And pursuant to § 24 of the same Act, as amended in the manner stated:

"From and after the effective date of applicable subdivision regulations provided for under Section 10 hereof, no subdivision of land within Puerto Rico shall be made, and no plat of a subdivision of land shall be received for recording, no buildings shall be erected, nor permitted to be erected, no act or transaction as defined in Section 2 hereof shall be carried out and no permit issued, except, and to the extent, that the same shall comply with said regulations and shall have been finally approved according thereto by the Board. . . . "

Thus, had this been a case of a subdivision, the Registrar would have acted correctly. *Rivera* v. *Registrar*, 64 P.R.R. 440. However, as we shall now see, there was no such subdivision.

Every owner is entitled to enjoy and dispose of his things without limitations other than those established by law. Section 280 of the Civil Code, 1930 edition. He is therefore authorized to mortgage the property which he owns. Section 333 of the same Code grants that same right to every co-

owner. The mortgage in the latter case is limited, of course, to the share that the co-owner has in the property; and since the right of the co-owner is to an abstract share in the property, the mortgage is not levied on any determinate portion of the property but embraces the whole area. *Enríquez* v. *Registrar*, 65 P.R.R. 383. On this point, Galindo and Escosura in their *Comentarios a la Legislación Hipotecaria de España* state the following at page 169 of Vol. 3 of their work:

"Undivided property may be partially mortgaged by any of the co-owners . . . in such case, *the mortgage only encumbers the portion owned by the mortgagor; but while that portion is not determined, it embraces the whole property;* and if the property would have to be alienated in order to make the payment, the undivided portion shall be sold without prejudice so that if any of the co-owners are interested in the partition to determine the portion burdened by the mortgage, it shall be so done. with the intervention of the mortgagee as an interested party. *The same holds when the owner of the entire property, in the exercise of his right, mortgages only an indeterminate portion or part thereof; . . .*" (Italics ours.)

And Morell in the third volume of the second corrected and supplemented edition of his *Comentarios a la Legislación Hipotecaria Española*, referring to property mortgaged by a part-owner says:

"When the thing held in common is subsequently partitioned, the mortgage bears only on the determinate part corresponding to the mortgagor in the partition. In order to avoid any prejudice that might be caused to him in the partition, if the debtor is adjudicated, whether intentionally or not, the worst portion, the creditor is entitled, pursuant to the Civil Law, to intervene in the partition and to object to any partition executed without his intervention and fraudulently."

See § § 333 and 336 of our Civil Code, 1930 ed. Therefore, when the "mortgagor" set forth in the deed that in the event of foreclosure, the purchaser at the sale would only acquire an indeterminate share, and that in such case he would have a preferred right to choose the place of location

of the 20,000 meters mortgaged, he was acting completely within the law. However, those statements in nowise were tantamount to fixing or establishing boundaries of the 20,000 meters mortgaged.

■■ The respondent Registrar informs us in the brief which he filed in support of his note that in his opinion there is no difference between this case and that of *Martínez* v. *Registrar*, 73 P.R.R. 203; and the Planning Board of Puerto Rico who has appeared as *amicus curiae* with our approval says, "that to mortgage a specific condominium of 20,000 square meters within a property of a greater area, is a subdivision pursuant to the scope of § 2," *supra*, and that "the purpose of recording the mortgage on a condominium of 20,000 square meters of land which is part of a property of a greater area, can be no other than to give status of its own to said condominium as an independent property."

In *Martínez* v. *Registrar*, *supra*, petitioner and his wife constituted a voluntary mortgage to secure the payment of a promissory note payable to bearer, in the amount of $10,000 on a lot 314.76 square meters, *which is described in its four cardinal points*, and which formed part of a greater area. When the deed was presented to the Registry, the Registrar refused to record it because he considered that a mortgage on a portion of the main property, *describing said portion with its own area and boundaries*, constituted a subdivision, for which no approval of the Planning Board had been presented. We affirmed the note appealed from. After referring in our opinion to § 2 of Act No. 213, *supra*, as amended in 1950, we stated that pursuant to the letter of that Section there is no doubt that the mortgage is included in the phrase "as for any other transaction" which appears therein. We further stated that: "If the previous permit of the Board to form a new portion is not sought—*in the cases in which the act or transaction carries in itself the immediate formation of an independent property, as well as in the cases in which there is a delimitation without an immediate formation*

*of an independent property*—the Act would not meet the end it pursues, and it would be easy to resort to the foreclosure of a mortgage and obtain through that medium what perhaps could not be obtained if attempted in any other way." (Italics ours.) We ratify that ruling. The case here, however, is different. In the instant case, the 20,000 meters encumbered by the mortgage do not represent the immediate formation of a new property. Neither have their boundaries been materially fixed or "delimited." They have only been mortgaged within a greater property of which they are a part, granting the creditor a preferred right, in the event—uncertain and indeterminate, but possible—of a mortgage foreclosure, to choose the place where to locate the 20,000 meters as long as it is an adjacent portion of land, and obliging the mortgagees themselves to obtain, in such case, the corresponding permit from the Planning Board [2] for the segregation of the condominium in question. In accord with the afore cited textwriters, although the mortgage constituted in this case specifically mentions the 20,000 square meters of land and the mortgage is levied thereon, yet, as long as those 20,000 are not determined, the lien bears on the whole 22.72 cuerdas. In case of foreclosure the purchaser at the public auction shall became a co-owner of the property, but he shall only own 20,000 meters of its whole area, without their place of location having been established in any way nor their boundaries determined. In other words, the question involved is merely the constitution of a mortgage on an undivided smaller portion of a larger property, without a determination or fixing of boundaries. Such thing is not a subdivision, and in such case it is unnecessary to obtain a permit from the Planning Board before the registration of the mortgage. According to Manresa in his *Comentarios al Código Civil Español*, Vol. III, sixth edition (1934) at p. 479: ". . . the right to mortgage does not render valid the mortgage of a fixed

---

[2] Of course, such promise made by the mortgagors is in nowise binding on the Planning Board.

and determinate portion of a property which the co-owner chooses at will, but of that portion which might correspond to him after the partition, the latter being the true declaration of ownership in favor of each part owner." See also, *Martínez* v. *Mora, et al.*, 33 P.R.R. 144.

The note appealed from will be reversed and the registration sought entered.